IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-561-FL

| | |
|---|---|
| APOSTLE ANTHONY L. McNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| ROCKY MOUNT POLICE ) | |
| DEPARTMENT, J. WAYNE ) | |
| SEARS, and JENNY L. MATTHEWS. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

Since 2006, Plaintiff has initiated at least 14 cases in this Court (DE-2). The undersigned has recently reviewed three of Plaintiff's other Complaints and has

recommended that they be found frivolous. *See*, 5:10-CV-544-FL; 5:10-CV-545-BO; and 5:10-CV-546-FL.

Here, Plaintiff does not make any specific factual allegations against Defendants J. Wayne Sears and Jenny L. Matthews. Therefore, any claims against those Defendants are frivolous.

With regard to the sole remaining Defendant, Rocky Mount Police Department, the precise nature of Plaintiff's claim is unclear. It appears that Plaintiff alleges that his due process rights have been violated through the reporting of false information in his prison file. More specifically, Plaintiff contends that this false information was used as a basis to deny him Medicaid and other benefits (DE 1-1, pg. 3). A similar claim previously filed by Plaintiff was deemed meritless on April 30, 2007. *See*, <u>Anthony Lee McNair v. Rocky Mount Police Department</u>, 5:06-CT-3015-FL, (DE-26). The undersigned recommends that the instant claim be denied for the reasons stated in the April 30, 2007 order.

Moreover, the Rocky Mount Police Department is not a distinct legal entity capable of being sued. In <u>Parker v. Bladen County</u>, 583 F. Supp. 2d 736 (E.D.N.C. June 27, 2008), this Court noted:

> State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." <u>Efird v. Riley</u>, 342 F.Supp.2d 413, 419-20 (M.D.N.C. 2004) (*citing* <u>Avery v. Burke</u>, 660 F.2d 111, 113-14 (4th Cir.1981)). For example, N.C. Gen.Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department.
>
> <u>Parker</u>, 583 F. Supp. 2d at 740.

Likewise, there is no North Carolina statute authorizing suit against a specific police department. *See*, <u>Moore v. City of Asheville, NC</u>, 290 F. Supp. 2d 664, 673 (W.D.N.C.

November 13, 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005)("under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued").

Even if Defendant were capable of being sued, "a municipality is only liable . . .[for a deprivation of federal rights] if it causes such deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)(*citing* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691). Conversely, a municipality cannot be held liable for such a deprivation on a *respondeat superior* theory. *Id.* Plaintiff has failed to allege that Defendant's policy, custom or practice caused a violation of his federal rights.

Finally, because of Plaintiff's proclivity for filing frivolous lawsuits, many of which are only slight iterations of previously raised claims, the undersigned recommends the entry of a pre-filing injunction standing order with regard to Plaintiff. *See e.g.,* http://www.nced.circ4.dcn/html/prefilinginjunctions.html.

## Conclusion

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim. The undersigned also RECOMMENDS that a pre-filing injunction standing order be entered with regard to Plaintiff.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 14th day of December, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE